BRETT A. SHUMATE, Assistant Attorney General, Civil Division
JORDAN C. CAMPBELL, Deputy Assistant Attorney General
SARMAD M. KHOJASTEH, Senior Counsel
LISA K. HSIAO, Acting Director, Consumer Protection Branch
ZACHARY A. DIETERT, Assistant Director
ZACHARY L. COWAN, Trial Attorney (NCBN 53432)
FRANCISCO L. UNGER, Trial Attorney (MABN 698807)

    U.S. Department of Justice
    450 5th Street NW, Suite 6400-S
    Washington, DC 20530
    (202) 598-7566 (Cowan)
    Zachary.L.Cowan@usdoj.gov

*Attorneys for Plaintiff United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; and<br><br>DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>  Defendants. | **Case No. 2:25-cv-08223**<br><br>COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF |

1  Plaintiff, the United States of America, acting upon notification from the
2  Federal Trade Commission ("FTC" or "Commission"), for its Complaint
3  alleges:

4  1.  Plaintiff brings this action for Defendants' violations of Section
5  5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Children's Online
6  Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.  For
7  these violations, Plaintiff seeks relief, including a permanent injunction, civil
8  penalties, and other relief, pursuant to Sections 5((m)(1)(A) and 13(b) of the
9  Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A) and
10 53(b), and Sections 1303(c) and 1306(d) of the Children's Online Privacy
11 Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d).

## SUMMARY OF CASE

13 2.  In connection with the videos it uploads to YouTube, Defendants
14 Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC
15 (collectively "Disney" or "Defendants") are operators of an online service
16 directed to children under 13 (hereinafter "children"), and third parties collect
17 personal information from children on Disney's behalf in violation of the
18 COPPA Rule's requirements.  Disney makes very popular child-directed videos
19 available through YouTube and fails to properly mark videos as child-directed
20 in some cases, allowing targeted advertising through collection of personal
21 information from children without parental notice or consent, in violation of the
22 COPPA Rule.

## JURISDICTION AND VENUE

24 3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§
25 1331, 1337(a), 1345, and 1355.
26 4.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1),
27 (b)(2), (c)(2), and (d), 1395(a) and 15 U.S.C. § 53(b).

COMPLAINT - 2
CASE NO. 2:25-cv-08223

# PLAINTIFF

5. Plaintiff brings this action upon notification from the FTC, pursuant to Section 16(a)(1) of the FTC Act, 15 U.S.C. § 56(a)(1). The FTC is an agency of the United States Government created by the FTC Act. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the COPPA Rule.

# DEFENDANTS

6. Defendant Disney Worldwide Services, Inc. is a Florida corporation with its principal place of business at 1375 Buena Vista Drive, Lake Buena Vista, Florida 32830.

7. Defendant Disney Entertainment Operations LLC is a Florida limited liability company, with its principal place of business at 500 Buena Vista Street, Burbank, California 91521.

8. Defendants transact or have transacted business in this District and throughout the United States.

# COMMERCE

9. At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

# SECTION 5 OF THE FTC ACT

10. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair and deceptive acts or practices in or affecting commerce."

# THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE

11. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites and

online services.  COPPA directed the Commission to promulgate a rule implementing COPPA.  The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553.  The Rule went into effect on April 21, 2000.  The Commission promulgated revisions to the Rule that went into effect on July 1, 2013.  Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

12. The COPPA Rule applies to any operator of a commercial website or online service directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children.  The Rule requires an operator to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including but not limited to:

   a. Providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents (Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b));

   b. Posting a prominent and clearly labeled link to an online notice of its information practices with regard to children, including what information the website operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule (Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d)); and

COMPLAINT - 4
CASE NO. 2:25-cv-08223

c. Obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children (Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1)).

13. For purposes of this Complaint, the terms "child," "collects," "collection," "disclose," "disclosure," "Internet," "obtaining verifiable parental consent," "online contact information," "operator," "parent," "personal information," and "Web site or online service directed to children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

## DEFENDANTS' BUSINESS PRACTICES

14. Defendants operate an online service that offers streaming content in the form of videos that it uploads on the YouTube platform. The YouTube platform is a video-sharing platform on which, among other things, users can view videos or upload video content to share. During the relevant time period of 2020 through the present, Disney has operated and uploaded videos to more than 1,250 YouTube channels through numerous subsidiaries.

15. YouTube requires that videos intended to be available to the public must be uploaded through a channel. Disney has uploaded tens of thousands of videos for consumers to view on the YouTube platform and continues to upload additional videos.

16. Many of Disney's videos are extremely popular. Videos on just three dozen of Disney's channels resulted in tens of millions of hours watched worldwide and hundreds of millions of views in the United States in just three months of 2019. The amount of time viewers spent watching videos on these channels soared to over 100 million hours worldwide, with approximately 1.2 billion views in the United States alone, during three months of the early COVID-19 pandemic period of 2020.

COMPLAINT - 5
CASE NO. 2:25-cv-08223

17. Disney generates advertising revenues from YouTube videos in two ways. First, it receives a portion of the revenue that YouTube receives from advertising that YouTube places with Disney videos. Second, it places advertisements directly in some of the videos it uploads to YouTube.

*YouTube Audience Settings and Related Functionality*

18. Users may view videos on YouTube by navigating to a particular channel's homepage; or users may view videos uploaded to a channel without interacting with that channel. For example, when searching the Internet through a search engine or when searching for videos on YouTube itself, consumers may be presented with links that will take consumers directly to individual videos on YouTube.

19. A channel's homepage has information about the channel, such as the channel's name, a description of the channel, the number of videos uploaded to the channel, the number of subscribers to the channel, and thumbnails of videos that a user can click on to watch. When looking at a channel's homepage, users can scroll down to view videos available on the channel, or users can click through to sort videos uploaded to the channel by oldest, newest, and most popular. A user may also click to view selected playlists of videos and can navigate to different tabs to view the channel's live videos or YouTube Shorts videos (videos that are no more than 60 seconds), if available.

20. In November 2019, YouTube indicated to content creators (those who produce content to upload to the platform), including Disney, that they would be "required to tell [YouTube] if [their] content is **made for kids** in order to comply with the Children's Online Privacy Protection Act (COPPA)…" (emphasis in original). YouTube relies on this designation to determine what functionality and advertising YouTube should make available on Disney's videos in compliance with COPPA, as outlined in Paragraph 12 above.

COMPLAINT - 6
CASE NO. 2:25-cv-08223

21. Disney was instructed by YouTube that "[d]epending on the amount of **made for kids** content on your channel, you can set your audience at either the channel level or the video level." (emphasis in original).

22. YouTube settings state to (1) mark the channel as "Made for Kids," (2) mark the channel as "Not Made for Kids," or (3) review the setting for every video, as displayed in **Figure 1** below.

**Figure 1: YouTube Settings**

Basic info    Advanced settings    Feature eligibility

Audience

Simplify your workflow by selecting a channel setting. If you skip this question, you'll be required to identify each video on your channel that's made for kids. This setting will affect existing and future videos. Settings for individual videos will override the channel setting.

Do you want to set your channel as made for kids?

Regardless of your location, you're legally required to comply with the Children's Online Privacy Protection Act (COPPA) and/or other laws. You're required to tell us whether your videos are made for kids. What's content made for kids?

○ Yes, set this channel as made for kids. I always upload content that's made for kids.

⦿ No, set this channel as not made for kids. I never upload content that's made for kids.

○ I want to review this setting for every video.

23. Disney was advised "[i]f you fail to set your content accurately you may face compliance issues with the FTC or other authorities."

24. If a content creator sets an audience at the channel level – as Not Made for Kids ("NMFK"), for example – then when an individual video is uploaded to that channel, that video is designated by default as NMFK. The content creator can change that default designation during the upload process to reflect the content of the particular video, however. In this example, it could be changed from the default of NMFK to Made for Kids ("MFK"). The content

COMPLAINT - 7
CASE NO. 2:25-cv-08223

creator can also change the audience designation after a video has been uploaded.

25. When a video is set as MFK, certain functionality is disabled by YouTube – with respect to that video – for example, comments, "autoplay on home," and targeted advertising are disabled. Playback in the Miniplayer, which allows a video to continue to play on a small screen as a user browses YouTube, is also disabled, as is the ability for a user to save a video to a playlist or to watch later. These features are disabled, in part, to prevent the collection of personal information from children that would require operators to provide notice and obtain verifiable parental consent under the COPPA Rule. In addition to these features being disabled, the designation of a video also affects autoplay—when a video is marked as MFK it will exclusively autoplay to other videos marked as MFK and not play videos designated as NMFK.

26. As a result of the settings and related functionality, when videos that are child-directed are not designated as MFK, advertising is targeted to children using persistent identifiers. Other features YouTube disables for MFK videos are also available to children, including comments on the video, "autoplay on home," notifications, playback in the Miniplayer, and the ability to save a video to a playlist or to watch later. In addition, the videos that are child-directed and improperly designated as NMFK can autoplay other videos that are designated as NMFK.

### *Disney Failed to Appropriately Mark Child-Directed Videos as "Made for Kids"*

27. Disney operates and uploads videos to channels that it has designated as MFK as well as to channels it has designated as NMFK. Per corporate policy, Disney sets the audience designation for a channel as MFK or NMFK, and adheres to the designation when uploading individual videos to that

channel.  Accordingly, under this policy, when a video is uploaded to a channel Disney has designated as NMFK, Disney would allow the video to remain by default designated as NMFK, even if the video were child-directed.  This is particularly troubling because, as noted in Paragraph 18 above, users may view videos uploaded to a channel without interacting with that channel.

28.  As a result, Disney has failed to designate a significant number of child-directed videos as MFK when they are uploaded to channels that are designated as NMFK.

29.  Child-directed videos that are designated as NMFK include, for example, videos available on the Pixar channel, the Disney Plus channel, the Walt Disney Studios channel, the Disney Animation Studios channel, the Disney Movies channel, the Disney on Ice channel, the Disney channel, the Oh My Disney channel, the Disney on Broadway channel, and the Disney D23 channel.

30.  The child-directed nature of videos on the above-named channels is evidenced by factors such as the videos' subject matter – such as stories being read aloud by characters and celebrities who appeal to children.  The child-directed nature of videos on the above-named channels is also evidenced by the visual content, inclusion of music popular with children, language, and other characteristics of the videos.  Paragraphs 31-32 show, based on analysis of the totality of factors set forth in 16 C.F.R. § 312.2 (definition of "web site or online service directed to children"), that certain videos on the above-named channels are indeed child-directed.

31.  For example, many videos feature clips of Mickey Mouse cartoons and clips from movies popular with children, such as *Frozen*, *Encanto*, *Moana*, *Cars*, *Tangled*, *Ratatouille*, and *Toy Story*, that include subject matter, animated characters, music or other audio content, language, and other characteristics that are directed to children.

32. Disney also created playlists that consist of videos with child-directed subject matter, visual content, animated characters, and music or other audio content directed to children, among other factors, from movies such as *Frozen, Inside Out, Finding Dory,* and *Encanto*. The playlists' subject matter include, for example, sing-alongs and story times with actors reading children's stories.

33. Disney's deficient marking of videos as MFK is also demonstrated by inconsistent designations for very similar videos that happen to appear on different channels but that have common child-directed subject matter, visual content, use of animated characters or child-oriented activities, music or other audio content, and language or other characteristics that are directed to children. For example, the Pixar channel, which hosts videos from the *Cars* movie franchise, is marked as NMFK, while the Pixar *Cars* channel, which exclusively has *Cars* franchise videos, is designated as MFK. As a result of Disney's policy not to change the audience designation for an individual video from the default setting for the channel, Disney designated certain child-directed *Cars* movie videos on the Pixar channel as NMFK (*e.g.*, videos of movie clips featuring simple story lines easily understood by children about personified vehicles that learn valuable lessons about integrity, honesty, and true friendship), while very similar *Cars* movie videos on the Pixar *Cars* channel were marked as MFK. This difference in the setting illustrates Disney's failure to mark child-directed content as MFK when such content is uploaded to NMFK channels.

34. The failure to mark child-directed videos appropriately as MFK was brought to Disney's attention as early as June 2020, when YouTube informed Disney that it had changed the designations from NMFK to MFK for more than three hundred videos on channels that included Pixar, Disney, Disney Movies, Walt Disney Animation Studios, and Oh My Disney. The redesignated

videos included videos from *The Incredibles*, *Coco*, *Toy Story*, *Tangled*, *Frozen*, and Mickey Mouse that include subject matter, visual content, and music or other audio content directed to children.

35. Despite Disney privacy compliance employees learning from YouTube in 2020 YouTube's reclassification of videos as MFK, Disney did not revise its policy of designating videos based on the channel-level default rather than designating individual videos as MFK when appropriate.

36. In some instances, Disney deviated from its policy of designating a channel as MFK or NMFK, and designating all videos on the channel accordingly. In the 2020 to 2022 period, YouTube redesignated as MFK a number of videos that Disney uploaded to MFK channels but had originally marked as NMFK. These videos were uploaded to MFK channels such as: Disney XD, Disney Descendants, Disney Channel, Disney Junior, Radio Disney, Disney Princess, Star Wars Kids, Pixar *Cars*, Mickey Mouse, Nat Geo Kids, Fox Family Entertainment, Disney Games, and DisneyBooks. And, in at least one instance, Disney did not mark a channel as either MFK or NMFK, and instead elected the option from YouTube to "review this setting for every video." This was in contravention of Disney's corporate practice to set the audience level (MFK or NMFK) at the channel level. Despite purporting to review each video, Disney still failed to designate all child-directed videos as MFK. Functions that are disabled if a channel or video is marked as MFK, such as the ability to comment on videos, were therefore also available on such videos.

37. As explained in Paragraph 17 above, Disney generates revenues on its videos by receiving a portion of YouTube's advertising revenue generated from advertisements that YouTube places with Disney videos.

38. Disney's failure to accurately designate child-directed videos as MFK results in YouTube collecting personal information and placing targeted advertisements on child-directed videos on Disney's behalf.

39. In addition to targeted advertising, when videos are not properly designated as MFK by Disney, other features that YouTube routinely disables for MFK videos are available, including the ability to save videos, and the ability to comment on videos. YouTube disables features on MFK videos and channels in part because they would rely on the collection of user data to work properly.

### *Disney Served Targeted Ads on Child-Directed Videos*

40. In addition to the advertising that YouTube places on Disney videos as discussed above, Disney itself places advertising in its videos on YouTube.

41. As with the advertising placed by YouTube on Disney's behalf, Disney enabled targeted advertising campaigns to run on videos that were designated as NMFK, but in fact were directed to children, on both MFK and NMFK channels.

42. In particular, as noted above, the designation of a video as NMFK on an MFK channel deviated from Disney's policy that all videos on a channel designated as MFK must also be marked as MFK. The targeted advertising campaigns were enabled on videos that were designated as NMFK that were uploaded to channels that Disney had designated as MFK including the Disney channel, the Disney Descendants channel, the Disney Family channel, the Disney Games channel, the Disney Junior channel, the Disney Music channel, the Disney XD channel, the Mickey Mouse channel, the Pixar *Cars* channel, the Radio Disney channel, and the Nat Geo Kids channel.

43. During the relevant time period, at least twelve different ad campaigns with over 350,000 ad impressions ran on these MFK channels.

**DEFENDANTS ARE SUBJECT TO THE COPPA RULE**

44. The COPPA Rule applies to any operator of a website or online service directed to children that collects, uses, and/or discloses personal information from children, or on whose behalf such information is collected or maintained. See 16 C.F.R. § 312.2 (definition of "operator"). Under the Rule, personal information is "collected or maintained on behalf of an operator when . . . [t]he operator benefits by allowing another person to collect personal information directly from users of" an online service. 16 C.F.R. § 312.2. Personal information includes persistent identifiers that can be used to recognize a user over time and across different websites or online services. *Id.* (definition of "Personal information").

45. Pursuant to Section 312.2 of the Rule, an online service, or portion thereof, is directed to children when considering such factors as the subject matter, visual content, music or other audio content, language, use of animated characters or child-oriented activities, age of models, other characteristics, and evidence regarding the intended and actual audience of the service. *Id.* (definition of "Web site or online service directed to children"). Defendants are operators under the COPPA Rule because they operate online services in the form of streaming content on YouTube that include portions that are directed to children, as discussed above in Paragraphs 14 through 43.

46. As detailed above in Paragraphs 38 through 43, Disney benefits when personal information is collected directly by others on behalf of Disney.

47. Based on the facts and violations of law alleged in this Complaint, the Plaintiff has reason to believe that Defendants are violating or are about to violate the COPPA Rule.

## COUNT I: VIOLATIONS OF THE COPPA RULE

48. Defendants operate portions of online services directed to children by making child-directed videos available for streaming on YouTube.

49. In numerous instances, in connection with the acts and practices described above, personal information from children is collected on behalf of Defendants in violation of the Rule. Defendants thus violate the Rule by:

   a. Failing to provide direct notice to parents of the information Defendants collects online from children and how such information is used or disclosed, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

   b. Failing to provide online notice of Defendants' information practices with regard to children, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d); and

   c. Failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, in violation of Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1).

50. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

51. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the COPPA Rule. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## CIVIL PENALTIES

52. Each collection, use, or disclosure of a child's personal information in which Defendants have violated the Rule in one or more of the ways described above constitutes a separate violation of the COPPA Rule for the purpose of assessing monetary civil penalties.

53. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award civil penalties for each violation of the Rule.

54. Defendants violated the COPPA Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the COPPA Rule by Defendants;

B. Impose civil penalties for each violation of the COPPA Rule; and

C. Award any additional relief as the Court determines to be just and proper.

\* \* \*

Dated: September 2, 2025

BENJAMIN WISEMAN
Associate Director, Division of
Privacy & Identity Protection

MARK EICHORN
Assistant Director

JACQUELINE FORD
GENEVIEVE BONAN
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
(202) 326-2844 (Ford)
(202) 326-3139 (Bonan)
jford1@ftc.gov
gbonan@ftc.gov

*Of Counsel*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior Counsel

LISA K. HSIAO
Acting Director,
Consumer Protection Branch

ZACHARY A. DIETERT
Assistant Director

*/s/ Zachary L. Cowan*
ZACHARY L. COWAN
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th St., N.W. Ste. 6400-S
Washington, D.C. 20530
(202) 598-7566 (Cowan)
Zachary.L.Cowan@usdoj.gov
Francisco.L.Unger@usdoj.gov

*Attorneys for Plaintiff
United States of America*

COMPLAINT - 16
CASE NO. 2:25-cv-08223