1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation; and<br><br>DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>    Defendants. | **Case No: 2:25-cv-08223**<br><br><br>[Proposed] ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF |

Plaintiff, the United States of America, acting upon notification by the

Federal Trade Commission ("Commission"), filed its Complaint for Permanent

PROPOSED ORDER

Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(1)(A) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A) and 53(b), Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312 (attached as Appendix A).  Defendants have waived service of the summons and the Complaint.  Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants violated the COPPA Rule and Section 5 of the FTC Act, 15 U.S.C. § 45, by failing to provide complete direct notice to Parents, failing to provide complete online notice of its information practices with regard to Children, and failing to Obtain Verifiable Parental Consent prior to Collecting, using, or Disclosing Personal Information from Children.

PROPOSED ORDER

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Child"** or **"Children"** means any individual or individuals under the age of 13.

B.      **"Collects"** or **"Collection"** means the gathering of any Personal Information from a Child by any means, including but not limited to:

1.      Requesting, prompting, or encouraging a Child to submit Personal Information online;

2.      Enabling a Child to make Personal Information publicly available in identifiable form; or

3.      Passive tracking of a Child online.

PROPOSED ORDER

C.    "**Covered Entity**" means Defendants' subsidiary or division that (1) Publishes Videos to a Covered Service or (2) oversees or manages the Audience Designation Program.

D.    "**Covered Service(s)**" means (1) the YouTube Platform or (2) any successor to the YouTube Platform.

E.    "**Defendant**" or "**Disney**" means Disney Worldwide Services, Inc., a corporation, and Disney Entertainment Operations LLC, a limited liability company, and their subsidiaries and divisions, and their successors and assigns, individually, collectively, or in any combination.

F.    "**Disclose**" or "**Disclosure**" means, with respect to Personal Information:

1.    The Release of Personal Information Collected by an Operator from a Child in identifiable form for any purpose, except where an Operator provides such information to a Person who provides Support for the Internal Operations of the Website or Online Service; and

2.    Making Personal Information Collected by an Operator from a Child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

PROPOSED ORDER

G.  "**Internet**" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

H.  "**Kids Video**" means a Video that Defendants designate as Made for Kids on a Covered Service pursuant to the Audience Designation Program based on an assessment of its subject matter, visual content, use of animated characters or Child-oriented activities and incentives, music or other audio content, age of models, presence of Child celebrities or celebrities who appeal to Children, language or other characteristics, whether advertising promoting or appearing on the website or online service is directed to Children, competent and reliable empirical evidence regarding audience composition and evidence regarding the intended audience.

I.  "**Made for Kids**" means the YouTube Platform setting to designate the audience for a Video Published by an Operator as for Children or the audience for a channel on which Video(s) are Published as for Children.

PROPOSED ORDER

J.     "**Obtain(ing) Verifiable Parental Consent**" means making a reasonable

effort (taking into consideration available technology) to ensure that before

Personal Information is Collected from a Child, a Parent of the Child:

1.     Receives notice of the Operator's Personal Information Collection,

use, and Disclosure practices; and

2.     Authorizes any Collection, use, and/or Disclosure of the Personal

Information, using a method reasonably calculated, in light of

available technology, to ensure that the Person providing consent is

the Child's Parent.

K.     "**Online Contact Information**" means an email address or any other

substantially similar identifier that permits direct contact with a Person

online, including but not limited to, an instant messaging user identifier, a

voice over internet protocol (VOIP) identifier, or a video chat user identifier.

L.     "**Operator**" means any Person who operates a website located on the

Internet or an online service and who Collects or maintains Personal

Information from or about the users of or visitors to such website or online

service, or on whose behalf such information is Collected or maintained, or

offers products or services for sale through that website or online service,

where such website or online service is operated for commercial purposes

involving commerce among the several States or with one or more foreign

PROPOSED ORDER

nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation.  This definition does not include any nonprofit entity that would otherwise be exempt from coverage under Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45).  Personal Information is Collected or maintained on behalf of an Operator when:

1.    It is Collected or maintained by an agent or service provider of the Operator; or

2.    The Operator benefits by allowing another Person to Collect Personal Information directly from users of such website or online service.

M.    "**Parent**" includes a legal guardian.

N.    "**Person**" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

O.    "**Personal Information**" means individually identifiable information about an individual Collected online, including:

1.    A first and last name;

2.    A home or other physical address including street name and name of a city or town;

3.    Online Contact Information;

PROPOSED ORDER

4. A screen or user name where it functions in the same manner as Online Contact Information;

5. A telephone number;

6. A Social Security number;

7. A persistent identifier that can be used to recognize a user over time and across different websites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

8. A photograph, video, or audio file where such file contains a Child's image or voice;

9. Geolocation information sufficient to identify street name and name of a city or town; or

10. Information concerning the Child or the Parents of that Child that the Operator Collects online from the Child and combines with an identifier described in this definition.

P. "**Publish**" means to set a video's visibility setting to public.

Q. "**Release of Personal Information**" means the sharing, selling, renting, or transfer of Personal Information to any Third Party.

PROPOSED ORDER

R.     **"Support for the Internal Operations of the Website or Online Service"**
means:

1.    Those activities necessary to:

   a.    Maintain or analyze the functioning of the website or online
service;

   b.    Perform network communications;

   c.    Authenticate users of, or personalize the content on, the website
or online service;

   d.    Serve contextual advertising on the website or online service, or
cap the frequency of advertising;

   e.    Protect the security or integrity of the user, website, or online
service;

   f.    Ensure legal or regulatory compliance; or

   g.    Fulfill a request of a Child as permitted by Sections 312.5(c)(3)
and (4) of the COPPA Rule (Appendix A);

2.    So long as the information Collected for the activities listed in 1(a)-(g)
is not used or Disclosed to contact a specific individual, including
through behavioral advertising, to amass a profile on a specific
individual, or for any other purpose.

PROPOSED ORDER

S.   "**Third Party**" means any Person who is not:

1.   An Operator with respect to the Collection or maintenance of Personal Information on the website or online service; or

2.   A Person who provides Support for the Internal Operations of the Website or Online Service and who does not use or Disclose information protected under the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), for any other purpose.

T.   "**Video(s)**" means any video that is Published.

U.   "**Website or Online Service Directed to Children**" means a commercial website or online service, or portion thereof, that is targeted to Children as set forth under the COPPA Rule, 16 C.F.R. Part 312 (Appendix A).

1.   In determining whether a website or online service, or a portion thereof, is directed to Children, the factfinder will consider its subject matter, visual content, use of animated characters or Child-oriented activities and incentives, music or other audio content, age of models, presence of Child celebrities or celebrities who appeal to Children, language or other characteristics of the website or online service, as well as whether advertising promoting or appearing on the website or online service is directed to Children. The factfinder will also consider

PROPOSED ORDER

competent and reliable empirical evidence regarding audience composition and evidence regarding the intended audience.

2.   A website or online service shall be deemed directed to Children when it has actual knowledge that it is Collecting Personal Information directly from users of another website or online service directed to Children.

3.   A website or online service that is directed to Children under the criteria set forth in paragraph (1) of this definition, but that does not target Children as its primary audience, shall not be deemed directed to Children if it:

   a.   Does not Collect Personal Information from any visitor prior to Collecting age information; and

   b.   Prevents the Collection, use, or Disclosure of Personal Information from visitors who identify themselves as under age 13 without first complying with the notice and parental consent provisions of 16 C.F.R. Part 312.

A website or online service shall not be deemed directed to Children solely because it refers or links to a commercial website or online service directed to Children by using information location tools, including a directory, index, reference, pointer, or hypertext link.

PROPOSED ORDER

V.    **"YouTube Platform"** means the streaming service available at

YouTube.com and on YouTube applications.

## ORDER

### I.    INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, to the extent Defendants operate a channel on a Covered Service, and in connection with operation of such channel, are hereby permanently restrained and enjoined from:

A.    Failing to make reasonable efforts, taking into account available technology, to ensure that a Parent of a Child receives direct notice as required by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c), unless the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), provides an exception to providing such notice;

B.    Failing to post a prominent and clearly labeled link to an online notice of Defendants' information practices with regard to Children on the home or landing page or screen of Defendants' website or online service, *and* at each area of Defendants' website or online service where Personal Information is Collected from Children, unless the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), provides an exception to providing such notice;

PROPOSED ORDER

C.   Failing to Obtain Verifiable Parental Consent before any Collection,

use, or Disclosure of Personal Information from Children, including consent to any

material change in the Collection, use, or Disclosure practices to which the Parent

has previously consented, unless COPPA Rule, 16 C.F.R. Part 312 (Appendix A),

provides an exception to Obtaining Verifiable Parental Consent; and

D.   Violating the COPPA Rule, 16 C.F.R. Part 312 (Appendix A).

## II.   MANDATED AUDIENCE DESIGNATION PROGRAM

IT IS FURTHER ORDERED that Defendants, to the extent Defendants

Publish Video(s) to a channel on the YouTube Platform, must, within one-hundred

eighty (180) days of the date of entry of this Order, establish and implement, and

thereafter maintain for ten (10) years, a program to review whether each of

Defendants' Videos on the YouTube Platform is a Kids Video, and, if in

Defendants' assessment it is, designate the Video as Made for Kids ("Audience

Designation Program"); however, nothing in this Provision II is required in the

event that: (1) the YouTube Platform no longer enables content creators to

designate the audience for a Video as Made for Kids; or (2) the YouTube Platform

implements measures to determine the age, age range, or age category of all

YouTube users and either (a) the YouTube Platform restricts the collection of

Personal Information, consistent with the COPPA Rule, 16 C.F.R. Part 312, from

Children, or (b) the YouTube Platform enables Defendants to restrict the collection

PROPOSED ORDER

of Personal Information, consistent with the COPPA Rule, 16 C.F.R. Part 312, from Children.

To satisfy the requirements of Provision II, at a minimum:

A.      Defendants must document in writing the relevant content, implementation, and maintenance of the Audience Designation Program;

B.      Defendants must designate a qualified employee or employees to coordinate and be responsible for the Audience Designation Program;

C.      Defendants must provide the written Audience Designation Program to a senior employee responsible for the Audience Designation Program at least once every twelve (12) months;

D.      Defendants must train employees with roles and responsibilities in Publishing Videos on the YouTube Platform on the requirements of the Audience Designation Program upon hire and, at least once every twelve (12) months thereafter; and

E.      Assess and document, at least every twelve (12) months, the effectiveness of the Audience Designation Program.

Nothing in this Provision II prevents Defendants from participating in a safe harbor program under the COPPA Rule, 16 C.F.R. 312.11 (Appendix A).

PROPOSED ORDER

### III.   MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of ten million dollars ($10,000,000) is entered in favor of Plaintiff against Defendants, as a civil penalty.

B.      Defendants are ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, ten million dollars ($10,000,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

C.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E.      Defendants acknowledge that their Taxpayer Identification Numbers, which Defendants must submit to the Commission, may be used for collecting and

PROPOSED ORDER

1  reporting on any delinquent amount arising out of this Order, in accordance with

2  31 U.S.C. § 7701.

### IV.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of

receipt of this Order:

A.    Each Defendant, within ten (10) days of entry of this Order, must

submit to the Commission an acknowledgment of receipt of this Order sworn

under penalty of perjury.

B.    For five (5) years after entry of this Order, each Defendant must

deliver a copy of this Order to:  (1) all principals, officers, directors, managers and

members; (2) all employees of a Covered Entity having managerial

responsibilities for conduct related to the subject matter of the Order, and all

agents and representatives of a Covered Entity who participate in conduct related

to the subject matter of the Order; and (3) any business entity resulting from any

change in structure as set forth in the Provision titled Compliance Reporting.

Delivery must occur within ten (10) days of entry of this Order for current

personnel.  For all others, delivery must occur before they assume their

responsibilities.

PROPOSED ORDER

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## V.     <u>COMPLIANCE REPORTING</u>

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury, in which each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with that Defendant; (b) identify the Covered Entities by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe that Defendant's use of each Covered Service to Publish Videos; (d) describe in detail whether and how that Defendant is in compliance with each Provision of this Order; (e) provide a copy of each materially different version of any Defendant privacy notice for each Covered Service or notice sent to Parents of Children that register for each Covered Service unless the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), provides an exception to providing such notice, in which case the Defendant will solely be required to identify the applicable exception; (f) provide a statement setting forth in detail the

PROPOSED ORDER

methods used to Obtain Verifiable Parental Consent prior to any Collection, use, and/or Disclosure of Personal Information from Children in connection with use of each Covered Service, unless the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), provides an exception to providing such Verifiable Parental Consent, in which case the Defendant will solely be required to identify the applicable exception; (g) provide a statement setting forth in detail the means provided for Parents to review the Personal Information, if any, Collected by that Defendant from their Children through any Covered Service and to refuse to permit that Defendant's further use or maintenance for each Covered Service; and (h) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in:  (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls, directly or indirectly, that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices related to that Defendant's compliance with the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), or that Publishes Videos to a Covered Service subject to this Order.

PROPOSED ORDER

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  United States v. Disney Worldwide Services, Inc.

## VI.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, each Defendant must create and retain the following records for such Defendant's use of a Covered Service:

PROPOSED ORDER

A. Accounting records showing any revenues related to a Covered Service;

B. Personnel records showing, for each Person having managerial responsibility for using a Covered Service on behalf of a Covered Entity, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints relating to that Defendant's Collection of Personal Information from Children through each Covered Service, and any response; and

D. All records necessary to demonstrate full compliance with each Provision of this Order, including all submissions to the Commission.

## VII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to

PROPOSED ORDER

obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendants.  Defendants must permit representatives of the Commission and Plaintiff to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this ___ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER

The parties hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior counsel

LISA K. HSIAO
Acting Director, Consumer Protection Branch

ZACHARY A. DIETERT
Assistant Director

/s/ Zachary L. Cowan                                    Date: 09/02/2025
ZACHARY L. COWAN
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th St., N.W. Ste. 6400-S
Washington, D.C. 20530
(202) 598-7566 (Cowan)
Zachary.L.Cowan@usdoj.gov
Francisco.L.Unger@usdoj.gov

Page 22 of 25

PROPOSED ORDER

Docusign Envelope ID: 80D5A303-028E-4F43-B7B2-9DA4C5AA06BC

1    **FOR THE FEDERAL TRADE COMMISSION:**

2

3    *Genevieve Bonan*

4    JACQUELINE FORD
     GENEVIEVE BONAN
5    Division of Privacy and Identity Protection
     Federal Trade Commission
6    600 Pennsylvania Avenue NW
     Mail Stop CC-8232
7    Washington, DC 20580
     (202) 326-2844 (Ford)
8    (202) 326-3139 (Bonan)
9    jford1@ftc.gov
10   gbonan@ftc.gov

11

12   **FOR DEFENDANTS:**

13

14   [signature]                              Date:  07/02/2025

15   Alysa Z. Hutnik
     Laura Riposo VanDruff
16   Alexander I. Schneider
     Kelley Drye & Warren LLP
17   Washington Harbour, Suite 400
     3050 K Street NW
18   Washington, DC 20007
19   ahutnik@kelleydrye.com
     lvandruff@kelleydrye.com
20   aschneider@kelleydrye.com
21   *Counsel for Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC*

22

23

                              Page 23 of 25

                                                            PROPOSED ORDER

---

Docusign Envelope ID: 80D5A303-028E-4F43-B7B2-9DA4C5AA06BC

1    **DEFENDANT DISNEY WORLDWIDE SERVICES, INC.:**

2

3    [signature]                              Date:  07/02/2025

4    Joanna Balkthat
     Vice President
5    Disney Worldwide Services, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

                              Page 24 of 25

                                                            PROPOSED ORDER

DocuSign Envelope ID: 8A0A63EB-33AB-2A43-FB2-9DA4C9AA06BC

1

**DEFENDANT: DISNEY ENTERTAINMENT OPERATIONS LLC**

2

3  Date: 07/02/2025

Joanna Balikian

4 Vice President

Disney Entertainment Operations LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Page 25 of 25

PROPOSED ORDER