UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 25-8223-GW-RAOx                                           Date: November 10, 2025

Title   *United States of America v. Disney Worldwide Services, Inc., et al.*

---

Present: The Honorable:   GEORGE H. WU, U.S. DISTRICT JUDGE

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Present                                               None Present

**Proceedings:   IN CHAMBERS - ORDER SETTING STATUS CONFERENCE[1]**

    On September 2, 2025, Plaintiff United States filed the Complaint in this case against Defendants Disney Worldwide Services and Disney Entertainment Operations LLC raising a single cause of action for violation of the Children's Online Privacy Protection Act ("COPPA") (15 U.S.C. §§ 6501-06) and the COPPA Rule (16 C.F.R. §§ 312.1-13).  The Complaint alleged that Defendants make "very popular child-directed videos available through YouTube and fails to properly mark videos as child-directed in some cases, allowing targeted advertising through collection of personal information from children without parental notice or consent, in violation of the COPPA Rule."  Complaint ¶ 2, Docket No. 1.

    On the same day, Plaintiff and Defendants filed a Stipulation of Parties for Entry of Order for Permanent Injunction ("Stipulation").  *See* Docket No. 4.  The Stipulation provides, *inter alia*: (1) the Defendants do not admit or deny the allegations in the Complaint; (2) the Defendants are permanently restrained and enjoined from: (a) failing to make reasonable efforts to ensure that parents of child users receive "direct notice as required by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c), unless the COPPA Rule, 16 C.F.R. Part 312 (Appendix A), provides an exception to providing such notice," (b) failing to post prominent and clearly labeled links to online notice of Defendants' information practices with regard to children, (c) failing to obtain verifiable parental consent before any collection, use or disclosure of personal information from children, and (d) otherwise violating the COPPA Rule; (3) the Defendants will establish and maintain for a period of ten years a program to review each of Defendants' videos on the YouTube Platform to determine whether such item is a "Kids Video" and, if so, that the treatment of such video is consistent with the COPPA Rule and the delineated "Audience Designation Program;" and (4) the Defendants will pay the amount of ten million dollars ($10,000,000) as a COPPA civil penalty.  Docket No. 4-1.

---

[1] *Jane Doe et al. v. Disney Worldwide Services, Inc et al.*, Case No. 2:25-cv-08518-ODW-(KSx), has not been transferred to this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-8223-GW-RAOx                                                Date: November 10, 2025

Title       *United States of America v. Disney Worldwide Services, Inc., et al.*

In a "Reasons for Settlement" document filed concomitantly with the Stipulation, the government (via the Federal Trade Commission) stated that: (1) "Commission believes that entry of the Order is appropriate and in the public interest;" (2) "the $10,000,000 civil penalty and the injunctive provisions in the Order constitute an effective means to ensure Defendants' future compliance with the law and deter others from engaging in similar violations;" (3) the Order is consistent with past orders entered in cases involving similar violations of COPPA and the COPPA Rule;" and (4) "with the entry of the Order, the time and expense of litigation against Defendants will be avoided." Docket No. 4-2.  No hearing date was set for the Court's ruling on the Stipulation.

Following the filing of the government's Complaint, beginning on September 5, 2025, a number of statewide and national class actions were brought alleging generally the same conduct and practices of the Defendants as described in the government's lawsuit, but with liability based upon state and/or common law liability theories.[2]  *See* "Related Cases" identified, *supra*.  All of the Related Cases have been transferred to this Court for further litigation.  At this time in the earliest-filed of the Related Cases (*i.e.*, *S.K. et al. v. Disney Worldwide Services Inc. et al.*, Case No. 2:25-cv-08410-GW-(RAOx)), a motion to consolidate cases has been filed with a hearing date of December 11, 2025.

The Court sets a hearing/status conference on the Stipulation for December 11, 2025, at 8:30 a.m.  Parties can appear by telephone with advanced coordination with the Court Clerk, Javier Gonzalez.  The Court will allow any counsel in a Related Case to submit written comments on the Stipulation and proposed injunction which they wish to proffer on or before November 21, 2025.[3]  For example, should the injunction include other provisions?[4]  The parties herein may respond to any such comments by December 1, 2025.

---

[2] Neither the COPPA nor the COPPA Rule provide for a private action for alleged violations of the statute and/or regulation.  *See Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023).

[3] The Court would not find that the Plaintiffs in the Related Cases have actual standing to object to the Stipulation and proposed injunction.  However, as that injunction may impact the relief that they seek in their respective cases, their comments (if any) will be entertained.

[4] It might very well be that, at this time, the Defendants possess children's "personal information."  Should the proposed injunction deal with what should happen to that data?  In *United States v. Musical.ly*, Case No. 2:19-cv-1439 (which was a COPPA action where a stipulation for civil penalties and permanent injunction was submitted shortly after the complaint was filed), the proposed injunction included a provision for the deletion of children's personal information and the treatment of accounts existing at the time of the order.  *See* Docket No. 10 in Case No. 2:19-cv-1439.  Additionally, the Court would inquire of plaintiffs' counsel in the Related Cases as to whether any injunction issued in the government's action here would render moot any requested injunctive relief in the Related Cases.